[Civ. No. 4425.   First Appellate District, Division One.—March 1, 1923.]

ARTHUR R. BRIGGS ESTATE (a Corporation), Respondent, v. THOMAS A. BARR, Appellant.

[1] CONTRACTS—INSTALLATION OF PUMP ON ADJOINING LAND—RESERVATION OF RIGHTS—EVIDENCE.—In this action to recover the amount paid by plaintiff toward the cost of a pumping plant installed on defendant's land, which adjoined that of plaintiff, the plant being used in irrigating both tracts, the finding of the trial court to the effect that an agreement was had between the parties that defendant should, on a sale of his land, reserve to plaintiff its rights in the plant, was based upon evidence from which such an inference was properly drawn.

[2] ID.—SALE—FAILURE TO RESERVE RIGHTS—REMEDY—MONEY JUDGMENT.—Plaintiff's rights in and to the pumping plant and its use having been lost through the fault of defendant in sell-

ing his land without reserving those rights, plaintiff was entitled to maintain an action in the nature of a suit for money had and received and to recover a money judgment against defendant for the amount it had paid to defendant toward the cost of purchase and installation of the pumping plant, and which defendant admitted he received.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harris & Hayhurst for Appellant.

Lindsay & Conley for Respondent.

ST. SURE, J.—Plaintiff and defendant owned adjoining forty-acre tracts of land. Under the terms of an executed oral agreement they installed on defendant's land a pumping plant to be used, and which was used, in irrigating both tracts. Each party contributed seven hundred dollars, or one-half of the cost of the pump and its installation. A written agreement incorporating the terms of the executed oral agreement was contemplated, and it was understood that should defendant sell his land he would reserve to plaintiff a perpetual right in the plant and the use thereof. Defendant thereafter sold his land and failed to reserve to plaintiff any rights. When this was discovered by plaintiff it was called to the attention of defendant, and an effort was made by the latter to remedy his obvious neglect, but without success. Plaintiff thereafter demanded of defendant that it be restored to its rights in the plant, or compensation for such refusal. Receiving neither, and having, as the evidence shows, made reasonable effort to obtain amicable adjustment, and being finally compelled to install a new pump on its land, this suit resulted. The trial court gave plaintiff judgment for seven hundred dollars and costs.

Defendant appeals from the judgment and the order denying his motion for a new trial.

[1] Defendant's first contention is that the trial court's finding to the effect that an agreement was had between the parties that defendant should, on a sale of his land, reserve to plaintiff its rights in the plant, is not supported

by the evidence. We are of the opinion that the finding is based upon evidence from which such an inference was properly drawn. The undisputed facts show that defendant fully understood plaintiff's rights in the premises and appreciated that he had agreed with plaintiff that should he sell his land he was to protect the rights of plaintiff by making proper reservation in his deed of conveyance. Defendant admits this in his testimony, and his counsel state it as a fact in their opening brief.

[2] The next contention of defendant is that plaintiff, having entered upon defendant's land to install the plant, acquired an easement or irrevocable license to maintain the pump and conduct the water therefrom by means of a ditch to its land; and that, as plaintiff acquired either an easement or an irrevocable license in defendant's land, of which it has not been divested, it has mistaken its remedy and should be relegated to an action to quiet title or "some other proper and appropriate proceeding." The pleadings present a cause of action in the nature of a suit for money had and received. The prayer of the complaint asks for judgment against defendant for the sum of seven hundred dollars. The subject matter of the action is not the right to use the ditch across land formerly owned by defendant, but is the sum of seven hundred dollars, one-half of the cost of purchase and installation of the pumping plant which was paid by plaintiff to defendant, and which defendant admits he received. Plaintiff's rights in and to the plant and its use were lost through the fault of defendant. Clearly, the plaintiff is entitled to have his money returned. The findings are supported by the evidence. Such being our view, discussion of the further points made by defendant is unnecessary.

The judgment is affirmed.

Tyler, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 30, 1923.